590 A.2d 1303

Z.H. MEIKSIN and Jeannine C. Meiksin, his wife, Appellants,

v.

**HOWARD HANNA COMPANY, INC., a corporation, Howard Hanna, Jr., Patricia McCommon, Maurice A. Nernberg, Jr., W. Thomas Laffey, Jr., and Nernberg & Laffey, P.C., Appellees.**

Superior Court of Pennsylvania.

Argued March 21, 1991.

Filed May 15, 1991.

Petition for Allowance of Appeal
Denied Sept. 30, 1991.

418

Jonathan P. Clunies, Pittsburgh, for appellants.

H. Reginald Belden, Jr., Greensburg, for McCommon, Nernberg and Laffey, appellees.

Before ROWLEY, President Judge, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this action for wrongful use of civil proceedings, the trial court entered summary judgment in favor of the lawyer-defendants who had instituted an unsuccessful ac-

tion to recover real estate commissions on behalf of their broker client. The plaintiffs appealed. They contend, contrary to the trial court's determination, that whether the lawyers had probable cause for filing the action to recover commissions is a disputed issue of fact which must be determined by a jury. We disagree with this contention and affirm the summary judgment entered by the trial court.

In *Kelly v. Lutheran Church in America*, 404 Pa.Super. 32, 36, 589 A.2d 1155, 1157 (1991), the Court defined the test for entering summary judgment as follows:

> Summary judgment may properly be entered only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). The moving party has the burden of persuading the court that no genuine issues exist as to the material facts. Summary judgment may be entered only where the case is free from doubt. *Hower v. Whitmak Associates*, 371 Pa.Super. 443, 445, 538 A.2d 524, 525, *allocatur denied*, 522 Pa. 584, 559 A.2d 527 (1988). In passing upon a motion for summary judgment, moreover, a court must examine the record in the light most favorable to the nonmoving party. Any doubt must be resolved against the moving party. *French v. United Parcel Service*, 377 Pa.Super. 366, 371, 547 A.2d 411, 414 (1988); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930 (1984); *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982).

*Id.*, 404 Pa.Superior Ct. at 36, 589 A.2d at 1157. See also: *Laventhol & Horwath v. Dependable Ins. Associates Inc.*, 396 Pa.Super. 553, 558, 579 A.2d 388, 390 (1990).

 The tort of malicious use of process has been codified at 42 Pa.C.S. §§ 8351–8354. The statute provides as follows:

## § 8351. Wrongful use of civil proceedings

(a) **Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:

> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

> (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351. See also: *Shaffer v. Stewart,* 326 Pa.Super. 135, 473 A.2d 1017 (1984). In order to prevail on a claim of wrongful use of civil proceedings, the plaintiff must show that the defendant maliciously instituted proceedings against the plaintiff, that the defendant lacked probable cause to institute the proceedings, and that the proceedings terminated in favor of the plaintiff. See: *Kelley v. Local Union 249,* 518 Pa. 517, 544 A.2d 940 (1988); *Motheral v. Burkhart,* 400 Pa.Super. 408, 583 A.2d 1180 (1990). It is undisputed that the proceedings underlying the instant action were terminated in favor of appellant. However, absence of probable cause, an indispensable element of this action, is not conclusively established by a favorable jury verdict in the prior proceeding. See: *Wainauskis v. Howard Johnson Co.,* 339 Pa.Super. 266, 277, 488 A.2d 1117, 1122 (1985); Restatement (Second) of Torts § 675 comment b (1977). "If probable cause is shown to have existed, an absolute defense is established against an action for malicious prosecution, even when express malice is proved." 52 Am.Jur.2d Malicious Prosecution § 50 (1970).

Regarding the liability of an attorney for the wrongful use of civil process, the Superior Court has followed the Restatement (Second) of Torts § 674 comment d (1977), where the law is stated as follows:

> "An attorney who initiates a civil proceeding on behalf of his client or one who takes any steps in the proceeding is not liable if he has probable cause for his action (see

§ 675); and even if he has no probable cause and is convinced that his client's claim is unfounded, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim. (See § 676). An attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.

If, however, the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, as, for example, to put pressure upon the person proceeded against in order to compel payment of another claim of his own or solely to harass the person proceeded against by bringing a claim known to be invalid, he is subject to the same liability as any other person."

See: *Shaffer v. Stewart, supra,* 326 Pa.Superior Ct. at 140–141, 473 A.2d at 1020. The principal issue in this case is whether the appellee-lawyers had probable cause to bring an action for commissions earned by its broker client or whether they acted for an improper purpose.

██ Absent material conflicts in the evidence, the presence or absence of probable cause is for the court to determine. See: *Wainauskis v. Howard Johnson Co., supra,* 339 Pa.Superior Ct. at 277, 488 A.2d at 1122; *De-Salle v. Penn Central Transportation Co.,* 263 Pa.Super. 485, 491, 398 A.2d 680, 683 (1979); Restatement (Second) of Torts § 673 (1977). In determining the existence of probable cause in an action for wrongful use of civil proceedings, we are guided by 42 Pa.C.S. § 8352. This section of the statute provides as follows:

### § 8352. Existence of probable cause

A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in

the existence of the facts upon which the claim is based, and either:

(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;

(2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

(3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

The undisputed facts in the instant case are that Howard Hanna Corporation, Inc., (Hanna Corp.) had been employed by Z.H. Meiksin and his wife, Jeannine, to sell an apartment building which they owned. The listing agreement provided that a commission would be paid at settlement if the broker obtained a buyer who was ready, willing and able to purchase the real estate. Hanna Corp. produced a buyer who entered an agreement to buy the apartment building, but the agreement was contingent upon the buyer's obtaining the necessary financing. The buyer, unfortunately, was unable to obtain adequate financing prior to the date of settlement established by the agreement. Counsel for the Meiksins, therefore, asserted a provision making time of the essence and granted the buyers an additional thirty (30) days in which to obtain financing before termination of the agreement of sale. In the meantime, the Meiksins entered an agreement to sell to another purchaser. This purchaser had not been obtained by Hanna Corp., and the sales agreement was made contingent upon the legal termination of the agreement to sell to the first buyer.

The first buyer obtained a commitment for necessary financing within two weeks after the amended closing date. The Meiksins nevertheless refused to sell to the first buyer and closed with the second buyer. The first buyer subsequently filed an action against the Meiksins for specific

performance, but this action was settled for a return of the buyer's down payment.

Acting on behalf of their client, Hanna Corp., the law firm of Nernberg and Laffey filed a civil action against the Meiksins to recover commissions allegedly earned by the broker pursuant to the terms of the listing agreement.[1] The Meiksins denied liability, contending that Hanna Corp. had failed to produce a buyer who was ready and able to complete the sales transaction. See: *Shumaker v. Lear*, 235 Pa.Super. 509, 345 A.2d 249 (1975). Hanna Corp. contended, however, that the amended closing date in the written sales agreement had been waived by an oral agreement between the parties which extended the date for settlement. The Meiksins moved pre-trial for summary judgment and during trial for a compulsory non-suit, but both of these motions were denied by the trial court. The factual issues were submitted to a jury for determination, and the jury returned a verdict for the Meiksins.

After the action for broker's commissions had been resolved in their favor, the Meiksins commenced this action against Hanna Corp. and the law firm of Nernberg and Laffey[2] for an alleged wrongful use of civil proceedings. Discovery disclosed that the lawyers for Hanna Corp. had based the action on information supplied by Gayle Pollock Jubelirer, an agent employed by Hanna Corp., to the effect that the closing date in the written sales agreement had been extended orally by the Meiksins. This testimony has not been disputed. On this state of the record, the trial court entered summary judgment in favor of the lawyers who had filed the action for broker's commissions. The court concluded that a lawyer has a right to rely upon facts related to him by his client in filing a civil action against a third person. The court also concluded that the existence of

1. Also named as defendants in this action were the first and second buyers. The claims against these buyers were dismissed, however, and are not implicated in the present appeal.

2. Also named as defendants were individual lawyers identified as Patricia McCommon, Maurice A. Nernberg, Jr. and W. Thomas Laffey, Jr.

probable cause was present as a matter of law in view of the existence of a legitimate dispute of fact in the prior action for commissions. This was apparent from the denial of motions for summary judgment and compulsory non-suit in the prior action and the submission of disputed factual issues to the jury.

Appellants argue that there is evidence from which a jury could find that an extension of the settlement date had not been agreed to by them or their lawyer. It has not been disputed, however, that the agent employed by Hanna Corp. advised the lawyer for the broker that an extension agreement had been made orally. The law is well established that "an attorney is entitled to rely in good faith upon the statement of facts made to him by his client, and is not under a duty to institute an inquiry for the purpose of verifying his statement before giving advice thereon." 52 Am.Jur.2d Malicious Prosecution § 64 (1970). If the client falsifies the facts, there may be a liability which attaches to the client, but the lawyer is not liable if, without more, he acts in good faith upon the facts stated by the client.

Appellants contend that the lawyers should not have accepted the statement of facts related to them by their client because an oral agreement to extend the date of settlement would have violated the Statute of Frauds.[3] This argument misperceives the purpose and function of the statute. The Statute of Frauds affects only the remedy and not the validity of a contract. See: *Continental Collieries v. Shober*, 130 F.2d 631 (3rd Cir.1942). As such, the parties to a written agreement for the sale of real estate may waive the protection of the statute and agree to an oral extension

---

3. We have considered this argument despite the fact that it is being made for the first time on appeal and was not considered by the trial court. The issue on appeal is whether the lawyers had probable cause for filing a civil action against appellants, and this issue has clearly been preserved for review. Because we are concerned with issue preservation and not theory preservation, we will consider appellant's additional theory that the Statute of Frauds destroyed any probable cause for filing an action to recover real estate commissions even if the buyer and seller had agreed orally to extend the date of final settlement.

of the date for settlement. Moreover, "there is authority in support of the view sustaining the validity of an oral extension of the time of payment under, or for the performance of, a contract within the statute of frauds." 72 Am.Jur.2d Statute of Frauds § 280 (1974). The Statute of Frauds did not have the effect, under the facts of this case, of preventing the lawyer-appellees from acting on the information supplied by their client to the effect that the time for closing the real estate settlement had been extended.

The existence of probable cause is also demonstrated by the fact that there was sufficient evidence of an oral extension to require that the existence of such an agreement be submitted to the jury for determination in the action to recover the broker's commissions. This suggests that there was competent evidence of sufficient quantity and quality to demonstrate probable cause for a reasonable belief that the action could be maintained. This belief was confirmed also by the court's denial of motions in the underlying action for summary judgment and compulsory non-suit, motions which could have been granted only if there had been no competent evidence sufficient to maintain the action.

There is no evidentiary support for appellant's contention that the lawyers acted for an improper purpose. The broker had or believed that he had a claim for commissions after having produced a buyer for the apartment building, and he was entitled to be represented by counsel who was able to give undivided loyalty, unafraid of personal liability in the event the suit should fail. We conclude, therefore, that the trial court did not err when it determined that the appellee-lawyers were entitled to summary judgment. Lawyers can safely act upon facts stated by their clients. They do not incur liability to third persons for filing civil proceedings when the evidence of those facts is later found not credible by the court or jury whose duty it is to try the case. Any other rule would impair the quality of the representation which a client is entitled to receive from his lawyer.

Judgment affirmed.