644 A.2d 188

**AL HAMILTON CONTRACTING COMPANY, Appellant**

**v.**

**Evelyn COWDER and Seth Cowder, Appellees.**

Superior Court of Pennsylvania.

Argued March 15, 1994.

Filed June 20, 1994.

492

William C. Kriner, Clearfield, for appellant.

Blaine A. Lucas, Pittsburgh, for appellees.

Dennis A. Whitaker, Harrisburg, for participating party.

Before WIEAND, DEL SOLE and FORD ELLIOTT, JJ.

WIEAND, Judge:

Are private citizens who request state agencies and elected officials to investigate potential violations of the state's environmental laws subject to tort liability in an action filed by a suspected violator? The trial court answered this question in the negative and sustained preliminary objections in the nature of a demurrer to a complaint filed by Al Hamilton Contracting Company against Seth Cowder and Evelyn Cowder. After careful review of the complaint, we have determined that the plaintiff failed to state a cause of action upon which relief can be granted. Therefore, we affirm the order of the trial court.

■ Preliminary objections should be sustained "only where it appears, with certainty, that the law permits no recovery under the allegations pleaded." *Gallagher v. City of Philadelphia,* 142 Pa.Commw. 487, 491, 597 A.2d 747, 748 (1991). When reviewing an order sustaining preliminary objections in the nature of a demurrer, we accept as true the well pleaded facts contained in the complaint together with every reasonable inference which may be drawn therefrom. *Preiser v. Rosenzweig,* 418 Pa.Super. 341, 346, 614 A.2d 303, 305 (1992), *allocatur granted,* 535 Pa. 637, 631 A.2d 1009 (1993); *Wojciechowski v. Murray,* 345 Pa.Super. 138, 140, 497 A.2d 1342, 1343 (1985). We then determine whether those facts can possibly state a cause of action permitting recovery. *Van Mastrigt v. Delta Tau Delta,* 393 Pa.Super. 142, 147–148, 573 A.2d 1128, 1130 (1990).

Evelyn Cowder and her son, Seth Cowder, own adjacent tracts of real estate in Bradford Township, Clearfield County. In 1985, the Cowders began to experience problems with acid mine drainage which contaminated their well water and damaged their respective properties. In 1991, they registered complaints with the Pennsylvania Department of Environmental Resources (DER) and also complained to their state representative, Camille George. Allegedly, there were several potential sources for the drainage; however, the DER focused

its investigation on Al Hamilton Contracting Co., an enterprise which in 1991 was conducting strip mining activities not far from the Cowders' properties. Although Hamilton was not cited for any specific violations, the DER issued a "Ground Water Study Order" which required Hamilton, inter alia, to conduct monitoring activities relating to acid mine drainage. Hamilton appealed the order to the Environmental Hearing Board, where the matter is still pending.

Instead of achieving a resolution to their problems, the Cowders found themselves defendants in a lawsuit filed by Hamilton alleging tortious interference with business relations and malicious abuse of process. Seth Cowder, who held a position as a Bradford County Supervisor, was also charged with abuse of office. On January 15, 1993, the Cowders filed preliminary objections in the nature of a demurrer. After briefing and argument, the trial court held that the Cowders' petitions to government officials were not actionable and dismissed the complaint. This appeal followed.[1]

The order of a trial court may be affirmed on appeal if it is correct on any legal ground or theory, regardless of the reason or theory adopted by the trial court. See: *In Re Benson*, 419 Pa.Super. 582, 589–590, 615 A.2d 792, 795–796 (1992); *Elder v. Nationwide Ins. Co.*, 410 Pa.Super. 290, 296, 599 A.2d 996, 999 (1991). Where a trial court has reached the correct result, its order will be sustained if it can be sustained for any reason. *Turnway Corp. v. Soffer*, 461 Pa. 447, 462, 336 A.2d 871, 878 (1975).

After careful review, we agree with the trial court that appellant has failed to state a valid cause of action. Appellees were authorized by regulations promulgated by the Department of Environmental Resources to "request an inspection of a coal mining activity by submitting to the Department a signed, written statement ... giving the Department reason to believe that a violation of the acts or regulations promulgated thereunder exists." 25 Pa.Code § 86.215(a). When such a

1. The Department of Environmental Resources (DER) is participating as amicus curiae.

request is made, it then becomes the duty of the Department to conduct an inspection. 52 Pa.S. § 1396.18c(b) (renumbered from 52 Pa.S. § 1396.21 in 1993). Orders thereafter issued are a consequence of investigations conducted and decisions made by the Department. Such orders are not the acts of the complaining citizen. For orders issued by the Department, there is no liability on the part of the complaining citizen.

Moreover and in any event, appellant's complaint fails to aver facts which constitute a cause of action for intentional interference with business relations or for malicious abuse of process. To sustain a cause of action for intentional interference with business relations, it must be alleged that: (1) there is an existing contractual relationship between the plaintiff and a third party; (2) the defendant interfered with the performance of that contract by inducing a breach or otherwise causing the third party not to perform; (3) the defendant was not privileged to act in this manner; and (4) the plaintiff suffered pecuniary loss as a result of the breach of contract. See: *Triffin v. Janssen,* 426 Pa.Super. 57, 63, 626 A.2d 571, 574 (1993). See also: *Neish v. Beaver Newspapers, Inc.,* 398 Pa.Super. 588, 599, 581 A.2d 619, 625 (1990), *allocatur denied,* 527 Pa. 648, 593 A.2d 421 (1991); Restatement (Second) Torts § 766A. A critical element of the tort is a current contractual relationship between the plaintiff and another. *B.T.Z., Inc. v. Grove,* 803 F.Supp. 1019, 1024 (M.D.Pa.1992). Therefore, a cause of action will not stand unless there has been some act by the defendant which served to deprive the plaintiff of some benefit to which he was entitled by contract. *Keifer v. Cramer,* 356 Pa. 96, 99, 51 A.2d 694, 695 (1947). "[T]he gravamen of this tort is the lost pecuniary benefits following from the [lost] contract...." *Pelagatti v. Cohen,* 370 Pa.Super. 422, 436, 536 A.2d 1337, 1343 (1987), *allocatur denied,* 519 Pa. 667, 548 A.2d 256 (1988).

Appellant has not alleged that any third parties to which it was contractually related have refused to perform, or were precluded from partially or completely performing, contractual duties because of appellees' actions. Appellant also

has not alleged that it was prevented from meeting its contractual responsibilities to others. In the absence thereof, appellant is unable to state a cause of action.

Appellant argues that the defendant-appellees are at least liable under the facts alleged in its complaint on a theory of abuse of process. The basis for this liability, appellant argues, is appellees' complaint without probable cause that their acid water problem was being caused by appellant's mining operation rather than by other, abandoned surface mines. It is not completely clear whether appellant's claim is for malicious use of process or for abuse of process.

Often the two torts are confused. In fact, however, they are distinct. *McGee v. Feege,* 517 Pa. 247, 253, 535 A.2d 1020, 1023 (1987). Wrongful use of process, which is now defined by statute at 42 Pa.C.S. § 8351, involves the initiation of process without probable cause. To prevail in an action for wrongful use of process, the plaintiff must show that the defendant maliciously instituted proceedings, that the defendant lacked probable cause to institute the proceedings and that the proceedings terminated in favor of the plaintiff. *Meiksin v. Howard Hanna Co., Inc.,* 404 Pa.Super. 417, 420, 590 A.2d 1303, 1304 (1991), *allocatur denied,* 528 Pa. 644, 600 A.2d 196 (1992); *Shaffer v. Stewart,* 326 Pa.Super. 135, 140, 473 A.2d 1017, 1019–1020 (1984); *Weiss v. Equibank,* 313 Pa.Super. 446, 456, 460 A.2d 271, 276 (1983). Appellant in the instant case cannot recover for wrongful use of process, for it is eminently clear that the environmental proceedings have not been terminated. Moreover, as we have already observed, it was the Department and not appellees who initiated legal proceedings against appellant.

The common law tort of abuse of process involves the perversion of legal process after it has begun in order to achieve a result for which the process was not intended. *Shaffer v. Stewart, supra,* 326 Pa.Super. at 138, 473 A.2d at 1019. Abuse of process has been described by the Supreme Court as the "use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the

process." *McGee v. Feege, supra*, 517 Pa. at 259, 535 A.2d at 1026. In order to state a cause of action for abuse of process it must be alleged that the defendant used a legal process to accomplish a purpose for which the process was not designed. *Rosen v. American Bank of Rolla*, 426 Pa.Super. 376, 381, 627 A.2d 190, 192 (1993); *Rosen v. Tesoro Petroleum Corp.*, 399 Pa.Super. 226, 237, 582 A.2d 27, 32 (1990), *allocatur denied*, 527 Pa. 636, 592 A.2d 1303 (1991). "The classic example is the initiation of a civil proceeding to coerce the payment of a claim completely unrelated to the cause of action sued upon." *Triester v. 191 Tenants Ass'n*, 272 Pa.Super. 271, 279, 415 A.2d 698, 712 (1979). It is not enough that the defendant had bad or malicious intentions or that the defendant acted from spite or with an ulterior motive. *Rosen v. Tesoro Petroleum Corp., supra*, 399 Pa.Super. at 237, 582 A.2d at 32–33. Rather, there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action. *Id.* See also: *Junod v. Bader*, 312 Pa.Super. 92, 96, 458 A.2d 251, 253 (1983). "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Shaffer v. Stewart, supra*, 326 Pa.Super. at 139, 473 A.2d at 1019, citing *Di Sante v. Russ Financial Co.*, 251 Pa.Super. 184, 189, 380 A.2d 439, 441 (1977). See also: *Rosen v. American Bank of Rolla, supra*, 426 Pa.Super. at 381–382, 627 A.2d at 193; *Cameron v. Graphic Management Assoc., Inc.*, 817 F.Supp. 19, 21 (E.D.Pa.1992); *Jordan v. Berman*, 758 F.Supp. 269, 281 (E.D.Pa.1991).

We have reviewed carefully the allegations contained in appellant's complaint. Appellant concedes that acid mine drainage plagued appellees for some time and that appellees initiated contact with the Department to resolve their problems. Thereafter, according to the allegations of the complaint, appellees proceeded energetically to pursue their complaint in the manner prescribed by regulations of the Department. Appellant claims that appellees made "repeated com-

plaints" and engaged the office of Representative Camille George to pressure the Department and that appellees acted maliciously. Their conduct, however, was not in derogation of the Department's regulatory scheme and was not pursued to bring about an illegitimate result, such as blackmail or extortion. It was not alleged that the process was used to coerce or compel appellant into undertaking collateral actions to which the process did not apply. Appellant's pleading offers only that appellees vigorously pursued permissible legal avenues to achieve the remedies which were available. See: *Morphy v. Shipley,* 351 Pa. 425, 429–430, 41 A.2d 671, 674 (1945). This is insufficient to state a cause of action for abuse of process.

Finally, appellant cannot maintain an action against Seth Cowder for abuse of office, for no such common law action is recognized in Pennsylvania. Actions for damages against government officials are generally only permitted where the officials have exercised their official powers in an unlawful manner which violates a plaintiff's constitutional rights. See generally: *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Here, appellant has not averred that appellee Seth Cowder acted in a manner unauthorized by law or that his actions in any way violated appellant's constitutional rights. No viable action exists because of Cowder's efforts to have the Department intervene to protect his private property.

The order of the trial court is affirmed.

DEL SOLE, J., files a concurring statement.

DEL SOLE, Judge, concurring:

I join the decision of the Majority as authored by my colleague, Judge Wieand. However, given the lack of any legal basis for appellant to have filed this law suit or appeal, and viewing its actions as a tactical attempt to discourage complaints to officials of possibly prohibited conduct, I would remand to the trial court to establish the amount which would

reimburse appellees for the fees and costs associated with this appeal. See Pa.R.A.P. 2744.