J-A22010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS D. BEGLEY JR., AS ADMINISTRATOR OF THE ESTATE OF LESLIE SINON POWELL AND GERALD K. MORRISON, AS EXECUTOR OF THE ESTATE OF WILLIAM POWELL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| RHOADS & SINON LLP, STANLEY SMITH AND SHERILL MOYER | |
| Appellees | No. 155 MDA 2014 |

Appeal from the Order Entered December 30, 2013
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2011 CV 3840

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED MARCH 09, 2015**

Appellants, Thomas D. Begley Jr. and Gerald K. Morrison, as administrators of the Estate of Leslie Sinon Powell ("Wife's Estate") and the Estate of William Powell ("Husband's Estate"), respectively, appeal from the order granting the preliminary objections of Appellees Rhoads & Sinon LLP, Stanley Smith and Sherill Moyer.  After careful review, we affirm in part, reverse in part, and remand for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

The complaint filed by the Appellants describes the following factual summary. Wife was the lifetime income beneficiary of a trust settled by her mother and known as the "Leslie Sinon Powell Trust" ("LSP Trust"). Under the LSP Trust, Wife also had the power to appoint the assets of the LSP Trust by specific reference in her Will.[1] In 2009, Wife executed a Will, prepared by Appellees, bequeathing the residue of her estate, including a general reference to powers of appointment, to Husband. However, this Will did not specifically reference the power of appointment contained in the LSP Trust.

On February 19, 2010, Wife's mother passed away. Appellees Smith and Moyer, as Executors and Attorneys for the estate of Wife's mother, contacted Husband and Wife to discuss the estate. At the same time, Smith and Moyer were retained by Husband and Wife for their own estate planning purposes. On March 9, 2010, the parties met to discuss the distribution of Wife's mother's estate. As alleged in the complaint, Smith and Moyer never alerted Wife to the fact that her Will did not adequately exercise the power of appointment contained in the LSP Trust.

---

[1] Neither the LSP Trust nor Wife's Will are part of the certified or reproduced record on this appeal. As Appellees never objected the absence of these documents, we are left to accept the allegations in the complaint concerning these documents as true, pursuant to our standard of review, set forth below.

On March 12, 2010, Husband contacted Appellees via e-mail, requesting that Smith and Moyer prepare a codicil to Wife's Will that specifically exercised the power of appointment in Husband's favor. Moyer responded, indicating that a codicil would be drafted for Husband and Wife's approval.

On March 17, 2010, Husband notified Appellees that Wife had been diagnosed with cirrhosis of the liver, and requested that the codicil be deemed an urgent matter. Two days later, on Friday March 19, Moyer responded, indicating that the codicil would be ready for Wife's review by "early next week." Husband responded that same evening:

> The sooner the better. Leslie is in serious condition and will most likely be hospitalized tomorrow. I am seriously concerned about the foot dragging on the part of Rhoads & Sinon in this and other matters.

On March 22, Moyer responded, indicating that the codicil was ready for Wife's review, and that Husband should provide a date for Wife to meet with Appellees to "privately to review the changes" to her Will. Unfortunately, Wife had already fallen into a coma from which she never recovered. As a result, the significant assets in the LSP Trust were not appointed to Husband, and instead were distributed pursuant to the terms of the LSP Trust.

Husband and Wife's Estate subsequently filed a Writ of Summons in this matter. Before the Complaint was filed, Husband also passed away, and the successor executors of the Estates were substituted as parties. The

Estates then filed a six count complaint, asserting the following claims: I –
Breach of Fiduciary Duty to Husband and Wife; II – Legal Malpractice On
Behalf of Both Husband and Wife; III – Intentional and Reckless Misconduct
of Smith and Moyer; IV – Negligent Supervision of Smith and Moyer by
Rhoads & Sinon; V – Breach of Contract with Wife, Asserted by Husband as
Intended Third Party Beneficiary; and VI – Breach of Contract with Husband.
Appellees filed preliminary objections to the Complaint, including an
objection asserting that neither Estate had standing to assert these claims.
The trial court sustained this objection, and this timely appeal ultimately
followed.

On appeal, the Estates purport to raise seven issues for our review.
However, in contravention of Pa.R.A.P., Rule 2119(a), the argument section
of the Estates' appellate brief is only divided into three parts. These parts
blend arguments for multiple issues, and in some instances, don't fully
develop the relevant argument. In light of this, as well as the observation
that the trial court's order was limited to a conclusion that neither Estate has
standing, and the fact that the standing issue is controlling, we will address
only the issue of standing.

Our standard when reviewing a trial court's decision to sustain
preliminary objections is as follows.

> The scope of review in determining whether a trial court erred in
> sustaining preliminary objections and dismissing a complaint is
> plenary.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

*Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa. Super. 2012) (citation omitted). When reviewing an order sustaining preliminary objections, this court accepts as true all well-pleaded facts in the complaint as well as reasonable inferences that can be drawn therefrom. *See Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 190 (Pa. Super. 1994).

At its heart, the complaint in this matter involves a claim that Appellees failed in their duty to draft a Will for Wife that effectuated her testamentary intent. As noted by the trial court, the Pennsylvania Supreme Court has developed a stringent test for determining who has standing to bring such a claim. The Supreme Court held that the estate of the testator has no standing, as the estate suffers no harm. *See Guy v. Liederbach*, 459 A.2d 744, 749 (Pa. 1983). Thus, the trial court in the present case was correct in granting the preliminary objections to any claims made by Wife's Estate.

In contrast, the Court in *Guy* held that certain intended beneficiaries of a Will have standing to raise such a claim against the drafter of a will.

*See id*., at 751. A beneficiary has standing to raise the claim where he is a named legatee, and where the circumstances of the relationship between the testator and the attorney, as well the will itself, indicate the testator's intent to benefit the legatee. *See id*., at 751-752.

Under the applicable standard of review, the first requirement from *Guy* is met by paragraph 12 of the Complaint, which alleges that Wife bequeathed the residue of her estate to Husband, including all property subject to Wife's powers of appointment. Husband is therefore a named legatee.

The second requirement under *Guy* is less straightforward in its application. However, under the unique circumstances of this case, it is reasonable to infer from the allegations in the Complaint that Wife intended for Husband to receive the assets from the LSP Trust. As noted above, paragraph 12 indicates that Wife's Will bequeathed all property subject to Wife's powers of appointment to Husband. Furthermore, the Complaint alleges that Wife was unaware that her Will was insufficiently specific to legally exercise her power of appointment under the LSP Trust until Husband noticed the issue on March 12, 2010. Finally, paragraph 17 of the Complaint alleges that Wife expressed to Smith and Moyer her desire to leave all of her assets, save a $25,000 specific bequest to a cousin, to Husband. These allegations, taken as true, are sufficient to establish that Wife intended to appoint the assets of the LSP Trust in favor of Husband.

These circumstances are distinguishable from **Hess v. Fox Rothschild, LLP**, 925 A.2d 798 (Pa. Super. 2007). In **Hess**, a panel of this Court addressed a scenario where the plaintiffs claimed that their legacy was diminished, in contravention of the testator's intent, by the actions of her husband after her death. Under the operative will, the testator's husband had the power to withdraw all of the principal from a marital trust after her death. The testator's husband exercised this power after the testator's death by withdrawing a significant sum of money from the marital trust. Upon the husband's death, the residue of the marital trust was bequeathed to the plaintiffs. The plaintiffs sued the drafters of the testator's will, asserting that the will did not effectuate her testamentary intent.

This Court held that the plaintiffs did not have standing, as they did not "claim that they received a legacy less than that bequeathed to them according to the text of [the testator's] will." **Id**., at 808. Rather, they claimed "only that [the testator's] true intent was to bequeath them a *greater* legacy than that afforded by the will." **Id**. (emphasis in original).

In contrast, the complaint filed by the Estates in this case alleges that Wife intended for her will to appoint the assets of the LSP Trust in favor of Husband. The text of the will, as set forth in the complaint, supports this interpretation. Pursuant to the complaint, the only reason Wife's will did not effectuate this testamentary intent is that Wife was unaware of the

requirement of specificity in the LSP Trust. Once she was made aware of this requirement, she requested that Smith and Moyer rectify this oversight.

We therefore conclude that the trial court erred in concluding that Husband's Estate lacks standing as an intended third party beneficiary of the lawyer/client relationship between Wife and Appellees. As noted above, the trial court did not err in concluding that Wife's Estate lacks standing to bring such claims.

Order affirmed in part and reversed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015