J-A13042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS W. OLICK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT & BEVERLY SKRAPITS | : | No. 1581 EDA 2020 |

Appeal from the Order Entered February 20, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2019-11678

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    Filed: July 22, 2021

Appellant Thomas W. Olick files this *pro se* appeal from the order entered by the Court of Common Pleas of Northampton County granting the preliminary objections of Appellees Robert and Beverly Skrapits and dismissing Appellant's complaint with prejudice.  We affirm.

On December 9, 2020, Appellant filed a *pro se* complaint alleging Appellees were liable for (1) wrongful use of civil proceedings under the Dragonetti Act (42 Pa.C.S.A. § 8351-55) and (2) abuse of process.  On December 20, 2020, Appellees filed preliminary objections in the nature of a demurrer.

To evaluate the parties' claims in the instant case, it is necessary to set forth the factual background and procedural history in the underlying litigation

_____

[*] Former Justice specially assigned to the Superior Court.

in the United States District Court in the Eastern District of Pennsylvania in ***Payesko v. CAD Holdings, LLC, et al***., No 5:18-2957.

In that case, Tammy Payesko initiated litigation in July 2018 to seek damages for injuries she sustained when she fell on ice in front of Appellees' home in Easton, Pennsylvania. Payesko alleged that water from downspouts from three adjacent properties owned respectively by Appellant, Appellees, and CAD Holdings, LLC formed the patch of ice on the sidewalk upon which Payesko fell. Payesko Complaint, 7/16/18, at ¶¶ 12-13, 19-21, 25-27.

Payesko averred that Appellant, Appellees, and CAD Holdings were negligent in the maintenance of the water drainage systems on their respective properties which created a dangerous ice formation, which was not removed in a timely manner from the sidewalk. ***Id***. Appellees filed an answer to Payesko's complaint containing denials to her allegations and also asserting cross-claims against Appellant and CAD Holdings for contribution and indemnity.

Thereafter, in November 2018, Payesko filed an amended complaint only raising claims against Appellees and CAD Holdings and eliminating the claims against Appellant. In January 2019, Appellees filed a third-party complaint against Appellant, again asserting claims for contribution and indemnity.

In August 2019, Appellant filed a motion for summary judgment in the federal action claiming that no party had produced any evidence that he owned or had an interest in a property anywhere near the incident or how his

- 2 -

actions contributed to the incident. The federal district court dismissed Appellant's motion for summary judgment.

Ultimately, Payesko, CAD Holdings, and Appellees agreed to dismiss the federal case and transfer the case to binding arbitration. Notice of Voluntary Dismissal, 10/18/19, at 1. Appellees indicated that they agreed to the dismissal of all claims against Appellant as it appeared that he had no meaningful assets to contribute to any arbitration award that could be entered in Payesko's favor. Prelim. Obj., 12/20/19, at ¶¶ 13-14. Appellees also took into consideration that Appellant had refused to retain counsel to represent him and his participation in arbitration would likely "cause unnecessary delay and confusion." *Id*.

In the instant case, Appellees filed preliminary objections to Appellant's claims under the Dragonetti Act and his abuse of process claims. Appellees claimed that Appellant had not stated a claim upon which he could be granted relief and Appellees were entitled to judgment as a matter of law.

Specifically, Appellees claimed Appellant failed to meet the elements of his claims under the Dragonetti Act and his common law abuse of process claim. Appellees also contended that Appellant's Dragonetti Act claim should be dismissed based on the principle of collateral estoppel as a result of the federal district court's dismissal of his summary judgment motion in the Payesko action.

After holding oral argument, the trial court entered an order on February 20, 2020, sustaining Appellees' preliminary objections and dismissing

Appellant's claim with prejudice. Appellant filed a motion for reconsideration and requested permission to file an amended complaint. On March 3, 2020, the trial court denied both motions.

On March 12, 2020, Appellant filed a notice of appeal and a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) with the Commonwealth Court. Appellant included a certificate of service indicating that he had served his notice of appeal on counsel for Appellees. Appellant did not personally serve his notice of appeal on the trial judge.

On July 17, 2020, the Commonwealth Court transferred the case to this Court, finding that the case involved a civil matter between private parties not within the jurisdiction of the Commonwealth Court. Order, 7/17/20, at 1 (citing 42 Pa.C.S.A. § 5103).[1]

On September 16, 2020, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) asserting that the appeal should be dismissed due to

_____

[1] In conjunction with his notice of appeal filed in the Commonwealth Court, Appellant filed a motion in the trial court to proceed *in forma pauperis* on appeal. After two hearings, the trial court denied this request as it found Appellant had "sufficient assets to pay any fees associated with his case." Trial Court Order, 6/12/20. Appellant appealed the trial court's order denying *in forma* pauperis status and also requested *in forma pauperis* status from the Commonwealth Court. Thereafter, the Commonwealth transferred both appeals and the appellate motion for *in forma pauperis* status to this Court.

On a separate docket, this Court dismissed as moot the appeal from the trial court's order denying Appellant *in pauperis* status as Appellant had actually paid the appellate fees that such status would allow him to forgo. *See Olick v. Skrapits*, 1581 EDA 2020 (Pa.Super. June 20, 2020) (unpublished judgment order). Likewise, on November 20, 2020, this Court denied Appellant's appellate motion to proceed *in forma pauperis* on the instant docket.

Appellant's failure to serve a copy of his notice of appeal on the trial judge pursuant to Pa.R.A.P. 906 or his concise statement of errors complained of on appeal pursuant to Rule 1925(b).[2]  Appellant asserts he did serve the trial judge in a timely manner but failed to provide proof of service.

This Court has held "[w]hen an appellant fails to serve the notice of appeal on the trial court per Rule 906(a)(2), this Court has discretion to take any appropriate action, including remand to the trial court for the completion of omitted procedural steps. …[H]owever, a remand is not required." **Coffman v. Kline**, 167 A.3d 772, 776 (Pa.Super. 2017) (quoting **Casselbury v. American Food Service**, 30 A.3d 510, 511 n.1 (Pa.Super. 2011)).  An appellant's failure to comply with Rule 906(a)(2) does not affect the validity of the appeal.  Pa.R.A.P. 902 ("[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal").

Despite Appellant's noncompliance with Rule 906, we note that the trial court's February 20, 2020 order granting Appellees' preliminary objections and dismissing Appellant's complaint fully sets forth the trial court's reasons for doing so.  While we note our disapproval of Appellant's failure to comply with our rules of appellate procedure, we need not remand as Appellant's error does not prevent this Court from providing meaningful review.  **See Coffman**,

---

[2] We note that the trial court did not specifically order Appellant to file a concise statement under Rule 1925(b), but Appellant spontaneously filed one without being directed to do so.

*supra* (declining to quash the appeal even though the appellant failed to properly serve the trial judge or court reporter with her timely filed notice of appeal).

Appellant raises the following claims on appeal, verbatim:

1. Was there was a "favorable termination" for the Appellant in the relevant "Prior Lawsuit" (i.e., Appellees' Third Party Cross Complaint suit against the Appellant in a prior Payesko lawsuit) within the meaning of 42 Pa.C.S.A. @8351?

2. Did the Appellant participate in the discussions and/or decision to dismiss their above mentioned Prior Lawsuit against him?

3. Did the lower court err when it opined that the Prior Lawsuit was never ended with finality against the Appellant?

4. Did the below Appellees' meet their demurrer burden of proof to demonstrate that Appellant's below Complaint, and inferences drawn therefrom, did not sustain the alleged torts as a matter of law?

5. Did the Appellees and their counsel continue the Prior Lawsuit after they knew that it was not being prosecuted in good faith, but was being prosecuted for an improper purpose, e.g. to harass, malicious injure [sic] and/or blackmail Appellant?

6. When it became apparent that there were questions as to whether Appellees' demurrer and preliminary objections could be sustained, did the lower court err when it granted Appellees' demurrer and preliminary objections?

7. Did the lower court err when it denied Appellant's Request to file an Amended Complaint?

Appellant's Brief, at 4.

While Appellant raises seven issues for review, the majority of his claims challenge the trial court's decision to sustain Appellees' preliminary objections in the nature of a demurrer. Our standard of review is as follows:

[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa.Super. 2011) (quoting *Haun v. Community Health Systems, Inc.,* 14 A.3d 120, 123 (Pa.Super. 2011)).

Appellant suggests the trial court erred in finding that his complaint did not set forth a claim upon which he could be granted relief on either count in his complaint, namely the statutory claim for wrongful use of criminal proceedings under the Dragonetti Act (42 Pa.C.S.A. § 8351-8355) or the common law claim for abuse of process.

With respect to the Dragonetti Act, our Supreme Court has recognized:

The Dragonetti Act is a codification of the common law cause of action for wrongful or malicious use of civil proceedings: a Dragonetti defendant may be held liable when he "takes part in the procurement, initiation or continuation of civil proceedings against another" and in doing so "acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based." 42 Pa.C.S. § 8351(a), (a)(1). For a successful claim under the Act, the underlying proceedings must have terminated in favor of the Dragonetti plaintiff. *Id.* § 8351(a)(2).

***Raynor v. D'Annunzio***, \_\_\_Pa.\_\_\_, 243 A.3d 41 (Pa. 2020).

We agree with the trial court's conclusion that Appellant has not demonstrated that he is entitled to relief under the Dragonetti Act as he failed to show that the underlying proceedings were entered in his favor. As noted above, the underlying litigation terminated when the plaintiff Payesko, Appellees, and CAD Holdings agreed to a voluntary dismissal of the action in federal court and a transfer of the case to binding arbitration.

Appellant suggests that the trial court erred in finding that the voluntary dismissal of the claims against him was not a "favorable termination" as contemplated by Section 8351(a)(2) as Appellant did not participate in the decision to terminate the lawsuit. We disagree.

In a similar case, this Court has held:

> Generally, when considering the question of "favorable termination" in a wrongful use of civil proceedings case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case against who the proceedings are brought initially depends on the circumstances under which the proceedings are withdrawn. ***See Bannar v. Miller***, 701 A.2d 242, 247 (Pa.Super.1997). A withdrawal of proceedings stemming from a compromise or agreement does not, as a matter of law, constitute a termination favorable to the party against whom proceedings have been brought originally. ***See Rosenfield v. Pennsylvania Auto. Ins. Plan***, 431 Pa.Super. 383, 636 A.2d 1138, 1142 (1994). Likewise, contrary to Appellant's argument, a wrongful use of civil proceedings suit may be dismissed on the grounds of an insufficiently "favorable termination" even if the attorney-defendant in the wrongful use of civil proceedings suit was not part of the settlement between the parties or even if the language of the settlement itself reserves a party's right to initiate suit based on wrongful use of civil proceedings against a party's attorney. ***Electronic Lab. Supply Co. v. Cullen***, 712 A.2d 304, 310–11 (Pa.Super.1998).

> As we held in **Cullen**, where the parties to the underlying suit agree jointly to end the underlying suit in a non-litigious nature, the liability of the underlying defendant, *i.e.,* the plaintiff in the wrongful use of civil proceedings suit, is never determined with finality. **Cullen**, 712 A.2d at 311. Therefore, the underlying suit is not a "favorable termination" within the meaning of 42 Pa.C.S.A. § 8351.

**D'Elia v. Folino**, 933 A.2d 117, 122–23 (Pa.Super. 2007).

Likewise, in this case, the federal court in the underlying matter never determined Appellant's liability with finality. The other parties agreed to the voluntary dismissal of the federal suit and chose to proceed to arbitration without Appellant. Appellees emphasized that they did not pursue claims against Appellant in binding arbitration as it would have likely (1) been futile to seek a damage award from Appellant, who did not appear to have meaningful assets, and (2) caused unnecessary delay and confusion as Appellant refused to retain legal counsel.

As a result of the parties' agreement to end the underlying lawsuit against Appellant in a non-litigious manner, Appellant has not demonstrated that there was a favorable termination in his favor. Accordingly, we find that the trial court did not err in finding Appellant failed to set forth a claim upon which he could be granted relief on his claim for wrongful use of civil proceedings under the Dragonetti Act and in concluding that Appellees were entitled to judgment as a matter of law.

With respect to the trial court's dismissal of Appellant's claim for abuse of process, we are mindful that the common law tort of abuse of process can be distinguished from claims of malicious prosecution or wrongful use of civil

proceedings under the Dragonetti Act. ***Werner v. Plater-Zyberk***, 799 A.2d 776, 785 (Pa.Super. 2002). (noting that "the torts of malicious prosecution and abuse of process are separate and distinct but often confused"). This Court has explained:

> The tort of "abuse of process" is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. This tort differs from that of [a Dragonetti Claim] in that, in the former, the existence of probable cause to employ the particular process for its intended use is immaterial. The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure. In support of this claim, the [plaintiff] must show some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ...; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.
>
> ***Lerner v. Lerner****,* 954 A.2d 1229, 1238 (Pa.Super. 2008), *quoting* ***Shiner v. Moriarty****,* 706 A.2d 1228, 1236 (Pa.Super.1998), *appeal denied,* 556 Pa. 711, 729 A.2d 1130 (1998). In evaluating the primary purpose prong of the tort, "there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action." ***Al Hamilton Contracting Co. v. Cowder****,* 434 Pa.Super. 491, 644 A.2d 188, 192 (1994) (citation omitted).

***Clausi v. Stuck***, 74 A.3d 242, 248–49 (Pa.Super. 2013). ***See also Al Hamilton Contracting***, 644 A.2d at 192 (finding demurrer appropriate when the appellant's "pleading offer[ed] only that [the] appellees vigorously

- 10 -

pursued permissible legal avenues to achieve the remedies which were available").

In this case, Appellant's complaint contains bald allegations that Appellees filed their third-party complaint seeking contribution and indemnification from Appellant with "malicious motive" and with intent to "harass, blackmail, and/or force [Appellant] to make payments to them." Appellant's Complaint, at ¶¶ 17, 23.

Appellant's unsupported allegations are not sufficient to support his claim for abuse of process. Appellant did not allege that Appellees performed an act or made a threat not authorized by the process. Appellant did not offer any facts to support his suggestion that Appellees pursued litigation for an illegitimate aim such as extortion or blackmail. Appellant does not assert that process was used to coerce or compel him to take some collateral action.

Rather, the only factual allegations that Appellant included to show alleged "harassment" were as follows:

> In the [underlying litigation], [Appellees] continually harassed [Appellant] by forcing him to answer various written discovery requests, to travel to attend depositions and other forms of harassment for claims which they themselves had averred in the [underlying litgation] were false, unsupported and otherwise invalid.

Appellant's Complaint, at ¶ 13.

Such allegations only show that Appellees have done nothing more than "vigorously pursue[] permissible legal avenues to achieve the remedies that which were available." ***Al Hamilton Contracting***, ***supra***.

- 11 -

Accordingly, we conclude that the trial court did not err in finding Appellant failed to state a claim for abuse of process upon which relief could be granted and that Appellees were entitled to judgment as a matter of law.

We also reject Appellant's claim that the trial court erred in refusing to allow him to file an amended complaint after the trial court had already sustained Appellees' preliminary objections in the nature of a demurrer. Pennsylvania Rule of Civil Procedure 1028(c)(1) allows a party to file an amended pleading "as of course within twenty days after service of a copy of preliminary objections." Pa.R.C.P. 1028(c)(1). Rule 1028 does not allow a party to file an amended pleading as of right after preliminary objections in the nature of a demurrer are sustained.

For the foregoing reasons, we affirm the trial court's order sustaining Appellees' preliminary objections and dismissing Appellant's claim with prejudice.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/21