582 A.2d 27

Paul R. ROSEN, Esquire, Spector Cohen Gadon & Rosen, P.C., Robert J. Bolton and George E. Meyer, Appellants,

v.

TESORO PETROLEUM CORPORATION, Robert V. West, Jr., M. Richard Stewart, William H. Hall, R. Laurence Macon, Esquire, Cox & Smith, Incorporated, Daryl Bristow, Esquire and Miller Keeton Bristow & Brown, Appellees.

Paul R. ROSEN, Esquire, Spector Cohen Gadon & Rosen, P.C., Robert J. Bolton, Leo A. Walker, III, George E. Meyer, Appellants,

v.

TESORO PETROLEUM CORPORATION, Robert V. West, Jr., M. Richard Stewart, William H. Hall, R. Laurence Macon, Esquire, Cox & Smith, Incorporated, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 4, 1990.

Filed Nov. 8, 1990.

228

Daniel J. Dugan, Philadelphia, for appellants.

Steven L. Friedman & Virginia H. Miller, Philadelphia, for appellees.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

MONTEMURO, Judge:

Appellants, Paul R. Rosen, Esq., Spector Cohen Gadon & Rosen, P.C., Robert J. Bolton, George E. Meyer, and Leo A. Walker, III, appeal from an order granting defendants-appellees' motion for summary judgment. The record reveals that appellee Tesoro unsuccessfully sued appellants in Texas state court for conversion, trespass, misappropriation of information, insider trading and civil conspiracy. Appellants then brought this action seeking redress for malicious prosecution, malicious abuse of process, malicious misuse of criminal proceedings, and conspiracy arising out of the Texas suit. The issue on appeal is whether the substantive law on malicious prosecution and abuse of process should be determined by Texas or Pennsylvania law. We agree with the trial court's conclusion that Texas law on malicious prosecution should apply, and therefore we affirm the grant of summary judgment.

We will uphold a grant of summary judgment only in those cases in which the pleadings, depositions, answers to interrogatories, and admissions on file show that there are no genuine issues of material fact, and the moving party is

entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). In reviewing a grant of summary judgment, we accept as true all well-pleaded facts in the non-moving party's pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Lookenbill v. Garrett*, 340 Pa.Super. 435, 490 A.2d 857 (1985).

In 1982, appellants, Paul Rosen, a Pennsylvania attorney, and Spector Cohen Gadon & Rosen, a Pennsylvania law firm, instituted class-action litigation in federal court on behalf of appellants Robert Bolton, Leo Walker, III and George Meyer against appellees Tesoro Petroleum Corporation ("Tesoro"), Robert West, Jr. (Chairman of the Board of Tesoro), M. Richard Stewart (General Counsel, Senior Vice–President and Secretary of Tesoro), and other officers and directors of Tesoro, alleging, *inter alia,* securities fraud and market manipulation. Appellant Bolton, represented by appellants Rosen and Spector Cohen Gadon & Rosen, also brought a shareholder derivative action in federal court against appellees Tesoro, West, Stewart and other officers and directors of Tesoro, alleging corporate mismanagement, waste and breach of fiduciary duty. These two actions, originally filed in the Eastern District of Pennsylvania, were consolidated and transferred to the Western District of Texas where they were tried together. The jury rendered a verdict in favor of the defendants on all counts. The United States Court of Appeals for the Fifth Circuit affirmed the judgment, *Bolton v. Tesoro Petroleum Corp.,* 871 F.2d 1266 (5th Cir.1989), and the United States Supreme Court denied certiorari.

While the federal class-action suit was under way, appellee Tesoro, represented by appellees R. Laurence Macon, Esq., Daryl Bristow, Esq., Cox & Smith, and Miller Keeton Bristow & Brown, brought an action in Texas state court against appellants herein, alleging trespass, conversion, invasion of privacy, unlawful trading on the basis of insider information, misappropriation of information, breach of fiduciary duty and civil conspiracy. Shortly before trial, Tesoro abandoned the majority of its claims. The trial

court directed a verdict on the remaining claim for misappropriation of information. The Texas Court of Appeals affirmed the judgment of the trial court and the Texas Supreme Court denied Tesoro's application for a writ of error.

Appellees also allegedly conspired to develop a plan to convince the District Attorney of Bexar County, Texas to institute unfounded criminal proceedings against appellants and others, although the District Attorney never took any action against appellants.

In 1986 and 1988, appellants instituted these two actions in the Philadelphia Court of Common Pleas, alleging identical claims of (1) malicious prosecution; (2) malicious abuse of process; (3) misuse of criminal proceedings; and (4) civil conspiracy on the part of appellees in bringing the prior litigation in Texas state court.[1] In considering appellees' motion for summary judgment, the trial court determined that Texas law on malicious prosecution and abuse of process should apply, and that appellants had failed to state a cause of action for these claims under Texas law. The trial court also concluded that neither Texas nor Pennsylvania recognized a cause of action for "malicious misuse of criminal proceedings to give an advantage in civil proceedings." Finally, the court held that appellants failed to make out a claim for civil conspiracy, as the conspiracy claim was predicated on the other three claims which were struck down for failure to state a cause of action.

In order to successfully state a claim under Pennsylvania law for malicious use of process, commonly referred to as malicious prosecution, the claim must allege (1) that a person who participated in the underlying proceedings acted in a grossly negligent manner or without probable cause; (2) that the person acted with a malicious purpose; and (3) that the proceedings were terminated in favor of the defen-

---

1. The differences between the 1986 and 1988 actions do not affect our resolution of the issues in this case. Leo Walker is not named as a plaintiff in the 1988 action, and Daryl Bristow and Miller Keeton, Bristow & Brown are not named as defendants in the 1986 action.

dant in the underlying proceeding. 42 Pa.C.S.A. § 8351(a)(1) and (2); *Shaffer v. Stewart,* 326 Pa.Super. 135, 140, 473 A.2d 1017 (1984). Importantly, seizure or arrest of person or property is no longer a necessary element to the cause of action in Pennsylvania, 42 Pa.C.S.A. § 8351(b), as our legislature has abolished the common law rule which held that an action for malicious use of process could not be brought absent a seizure of the plaintiff's person or property. *Ludmer v. Nernberg,* 520 Pa. 218, 553 A.2d 924, 925 (1989). In this respect, Pennsylvania law differs from Texas law which requires that the party alleging malicious prosecution have suffered the special damage of "actual interference with the defendant's person (such as an arrest or detention) or property (such as an attachment, an appointment of receiver, a writ of replevin or an injunction)." *St. Cyr v. St. Cyr,* 767 S.W.2d 258, 259 (Tex.App.—Beaumont 1989), *error denied,* (citations omitted). "This means 'actual physical detention of a person or seizure of his property.'" *Id.*

As appellants have not alleged any interference with their person or property as a consequence of the Texas state court action, application of Pennsylvania law is the more attractive option to them, and hence they argue that Pennsylvania is the proper choice of law. Conversely, Texas law is more favorable to defendants charged with malicious prosecution, and appellees urge us to find that Texas law applies to the instant matter.

■ In deciding choice of law questions, we first must determine whether a true conflict exists between the laws of the two states, and, if a true conflict is present, we must analyze the governmental interests underlying the issue and determine which state has the greater interest in the application of its law. *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970).

■ Our examination of the policies behind the competing laws of Pennsylvania and Texas leads us to the conclusion that a conflict of laws truly exists in this case. The

policy underlying Texas' rule that a party alleging malicious prosecution must have suffered some interference with his or her person or property as a result of the original suit has been summarized as follows:

> The special damage rule was initially adopted by our Supreme Court for policy reasons to assure every potential litigant free and open access to the judicial system without fear of a countersuit for malicious prosecution. As stated by our Supreme Court over a hundred years ago in *Salado College v. Davis*, 47 Tex. 131, 135–36 (1877):
>
>> In ordinary cases, where no further wrongful act is complained of than the institution of a groundless suit, though done knowingly and with intent to harass, the award of cost is, in contemplation of law, full compensation for the unjust vexation. (Citation omitted).
>>
>> In such cases, the defendant recovers his cost 'but no allowance is made for his time, indirect loss, annoyance, or counsel fees....' Every defendant against whom an action is 'unnecessarily' brought, experiences some injury or inconvenience beyond what the costs will compensate him for.' This injury or inconvenience results from a resort to the legally-constituted tribunals; and it seems to be the policy of the law to content itself with meting out something less than our ideas of natural justice would demand, rather than to increase the risks attending and discouraging such a resort, and at the same time add to the difficulties and intricacies of ordinary litigation.

*Martin v. Trevino*, 578 S.W.2d 763, 767 (Tex.Civ.App. 13th Dist.1978), *error refused*. Thus, the Texas courts have opted in favor of assuring that litigants have open access to the judicial system without fear of intimidation by a countersuit for malicious prosecution. Texas' interest is implicated in this case because the underlying suit was brought in Texas state court by a Texas organization.

On the other hand, by making it easier to establish a case of malicious prosecution, the Pennsylvania legislature has

expressed an interest in providing greater protection to those individuals and entities who may be forced to defend a baseless suit. Pennsylvania's interest in protecting its citizens from being subjected to a maliciously brought lawsuit is involved in this case, as three of the defendants in the underlying Texas state suit are Pennsylvania residents. Thus, this is not a case of "false conflict," because either state's interests would be disserved by the application of the other state's law on malicious prosecution. *Cf. McSwain v. McSwain,* 420 Pa. 86, 215 A.2d 677 (1966) (application of Pennsylvania's law on interspousal immunity would not disserve Colorado's interest in deterring negligent conduct on its highways).

In light of these competing policies and interests, we now must determine whether Pennsylvania or Texas has the greater interest in the application of its law on malicious prosecution to the instant matter. *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964).

> Whether the policies of one state rather than another should be furthered in the event of conflict can only be determined within the matrix of specific litigation. What should be sought is an analysis of the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law.

*McSwain v. McSwain, supra* 420 Pa. at 94, 215 A.2d at 682.[2]

Upon considering the respective interests of the two states involved and the degree to which their policies are implicated by the facts in the instant suit, we agree with the trial court that Texas has the greater interest in the application of its law on malicious prosecution in this case.

Pennsylvania's interest in discouraging maliciously brought suits which require its citizens to spend time and

2. We find no support in Pennsylvania Supreme Court caselaw for appellants' position that in the event a true conflict exists between the law of the states, we must apply the law of the forum state.

money defending themselves is implicated herein by the fact that three of the plaintiffs in this suit are Pennsylvania citizens who were sued in the Texas state suit. We note that although Pennsylvania has an interest in protecting the three Pennsylvania citizens who were defendants in the Texas suit, Pennsylvania's concerns are in no way affected with regard to the two remaining plaintiffs (defendants in the Texas state suit) who are citizens of Texas.

The underlying suit was brought in Texas on behalf of a Texas corporation by members of the Texas bar and two Texas law firms, seeking redress for alleged wrongs, namely conversion, trespass, misappropriation of information and insider trading, which took place in Texas. According to appellants' complaint, the Texas suit was brought in retaliation for the appellants' participation in a federal class action suit also taking place in Texas against a Texas corporation (Tesoro) and its officers and directors. The federal litigation concerned alleged securities fraud and corporate waste and mismanagement occurring in Texas. The gist of appellants' instant claim for malicious prosecution is that appellees used Texas' state judicial processes to obtain discovery which was not obtainable through the federal litigation and to interfere with appellants' prosecution of their federal lawsuit. All of these underlying facts are highly relevant, as they relate to Texas' interest in maintaining liberal access to its court system, in protecting the expectations of Texas litigants and their counsel regarding the circumstances under which they will be held accountable for malicious prosecution, and in "regulating the use of its process and in determining when its judicial system is maliciously used." *Denenberg v. American Family Corp. of Columbus, GA,* 566 F.Supp. 1242, 1248 (E.D.Pa.1983). Given Texas' policies and the breadth of their connection and relevance to this action for malicious prosecution, we find that Texas has a priority of interest in having its rule of law govern the outcome of this case.

■ We note, however, that we disagree with appellees' argument that the proper choice of law in malicious prose-

cution cases will always be the law from the forum in which the underlying action was brought. Each case must be decided within its own unique factual framework which will dictate the state which has the most significant interests and relationship to the case. *See e.g., Continental Cablevision v. Storer Broadcasting Co.,* 653 F.Supp. 451 (D.Mass. 1986) (despite fact that suit abused Massachusetts' process, and Massachusetts has strongest interest in preventing abuse of process in its courts, proper choice of law was Missouri law, where defendant alleged that plaintiff's decision to file in Massachusetts was itself part of the plaintiff's abuse of process).[3]

As appellants have failed to state a cause of action for malicious prosecution under Texas law, the trial court properly granted summary judgment in favor of appellees.

In their complaint, appellants also assert a claim for malicious abuse of process. An action for abuse of process must be distinguished from an action for malicious prosecution, as the two torts are wholly separate and distinct causes of action:

> The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it: *Mayer v. Walter,* 64 Pa. 283; Annotation, 80 A.L.R. 581. "An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it ... On the other hand, legal process, civil or criminal, may be maliciously used so as to give rise to a cause of action where no object is contemplated ... other than its proper effect and execution": *Mayer v. Walter,* supra, p. 285; *Johnson v. Land Title B. & T. Co.,* 329 Pa. 241, 241, 242, 198 A. 23. Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with a perversion of a process after it is issued.

**3.** There is no allegation in the instant case that the Texas state suit was brought in Texas to enable appellees to take advantage of Texas law which favors malicious prosecution defendants.

*McGee v. Feege,* 517 Pa. 247, 253, 535 A.2d 1020, 1023 (1987), *quoting Publix Drug Co. v. Breyer Ice Cream Co.,* 347 Pa. 346, 349, 350, 32 A.2d 413 (1943). An action for malicious prosecution is statutorily based, *see* 42 Pa.C.S.A. § 8351, while malicious abuse of process is a common law action.

We need not decide whether a conflict exists between Texas and Pennsylvania law on abuse of process or whether Texas or Pennsylvania law regarding abuse of process should apply in this case, because under either state's laws, appellants have failed to make out a cause of action for abuse of process. As the Court stated in *McGee,* "abuse of civil process is concerned with a perversion of a process after it is issued." 517 Pa. at 253, 535 A.2d at 1023. In *Shaffer v. Stewart, supra* 326 Pa.Super. at 139, 473 A.2d at 1019, this Court stated:

> A cause of action for abuse of process requires "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ... [;] there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Di Sante v. Russ Financial Co.,* 251 Pa.Super. 184, 189, 380 A.2d 439, 441 (1977), quoting Prosser, Torts § 100 at 669 (2d ed. 1955). See also: *Junod v. Bader,* 312 Pa.Super. 92, 96–7, 458 A.2d 251, 253 (1983).

*See also Borough of Philipsburg v. Bloom,* 123 Pa.Commonwealth Ct. 357, 554 A.2d 166 (1989), *affirmed* 524 Pa. 588, 574 A.2d 602 (1990) (where counterclaim failed to allege any facts other than the "mere issuance of process for an unlawful purpose," counterclaim did not sufficiently state a cause of action for abuse of process).

Similarly, the Texas courts have required that there be an improper use of the process after its issuance to make out an action for abuse of process. *See Snyder v. Byrne,* 770 S.W.2d 65 (Tex.App.—Corpus Christi 1989) ("mere procurement or issuance with a malicious intent or without probable cause is not actionable"); *Baubles & Beads v. Louis*

*Vuitton, S.A.,* 766 S.W.2d 377, 379 (Tex.App.—Texarkana 1989) ("To constitute an abuse of process, the process must have been used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he could not be compelled to do"). Pennsylvania and Texas law on abuse of process is consistent with the Restatement (Second) of Torts § 682 (1977), which explains:

> ... [T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior motive purpose of benefit to the defendant....
>
> For abuse of process to occur there must be use of the process for an immediate purpose other than that for which it was designed and intended.  The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it....

*Id.* at 475, comment b.  Typical forms of abuse of process include extortion by means of attachment, execution or garnishment, and blackmail by means of arrest or criminal prosecution.  W. Prosser & W. Keeton, *Prosser and Keeton on Torts* § 121 (5th ed. 1984).

■ We find that appellants have failed to state a claim for abuse of process, as the allegations in their complaint amount to no more than a charge for the initiation of litigation for a wrongful purpose, and do not charge appellees with any "perversion" of properly issued process.  Appellants merely complain that "defendant issued and served process on the plaintiffs" for various improper and ulterior purposes.  Notably absent is any allegation of a coercive use of the process.  Thus, we find that appellants have failed to state a claim for abuse of process.

■ The trial court granted summary judgment in favor of defendants on Count III of the complaint, entitled "Malicious Misuse of Criminal Proceedings to Give an Advantage in Civil Proceedings."  This claim stems from appellees'

conduct in attempting to convince the District Attorney of Bexar County to file criminal charges against appellants. We agree with the trial court's conclusion that this is not a recognized cause of action in either Pennsylvania or Texas. Indeed, appellants do not contend on appeal that the trial court erred in granting summary judgment for appellees on this count.

Finally, we find no fault with the trial court's conclusion that appellants' claim for civil conspiracy must fail, due to the absence of a valid claim for the underlying tortious acts of malicious prosecution or abuse of process. *See Rose v. Wissinger*, 294 Pa.Super. 265, 439 A.2d 1193, 1199 (1982) (where complaint failed to set forth claim for defamation or outrageous conduct causing emotional distress, there could be no conspiracy to commit those acts).

For the foregoing reasons, we find that the trial court properly granted summary judgment in favor of appellees, and affirm the order of the trial court.

Judgment affirmed.