**Morello v. Anastasio**

*Aaron C. Finestone,* for plaintiff.
*Vernon Anastasio,* for defendant.

BERNSTEIN, *J.,* April 6, 2011—This is an action for wrongful use of civil process and fraudulent misrepresentation brought by pro se plaintiff Celeste A. Morello (hereinafter "Morello") against defendants Anthony Anastasio, Anthony's Italian Coffeehouse, Inc., Thomas & Ann Anastasio and Vernon T. Anastasio, Esquire (hereinafter "Vernon Anastasio"). This action arises from a lawsuit filed by Vernon Anastasio, Esquire on behalf of his brother Anthony Anastasio on August 13,

2008 against Morello (hereinafter "Anastasio complaint") for defamation and intentional infliction of emotional distress. The complaint alleged that Morello, a historian, criminologist and author, produced and published written materials that were defamatory and damaging about Anthony Anastasio, his business and his character within the community. Anthony Anastasio is the owner and sole shareholder of Anthony's Italian Coffee House Inc. located in the Italian Market District of Philadelphia on South Ninth Street. Morello filed preliminary objections to the Anastasio complaint for failure to follow rules of court and for legal and factual insufficiency. In response to the preliminary objections, Anastasio filed an amended complaint.

Morello once again filed preliminary objections. On January 23, 2009, the court dismissed the preliminary objections for failing to follow the local rules of court. Morello filed a motion for reconsideration which was subsequently denied.

On March 16, 1999, Morello filed an answer with new matter and counterclaim. The counterclaim alleged intentional defamation, negligent defamation and false light- invasion of privacy. On April 21, 1999, Morello filed a motion for judgment on the pleadings. Anastasio did not file an answer to the motion and on June 3, 2009, the court granted Morello's motion for judgment on the pleadings and dismissed the amended complaint. Additionally, on May 1, 2009, Morello filed a motion for default judgment on the counterclaim based on Anastasio's failure to answer the counterclaim. Anastasio filed a motion to open

judgment. On June 2, 2009, Morello's motion for default judgment was denied without prejudice. On July 8, 2009, Anastasio's petition to open judgment was denied.

On July 13, 2009, Morello filed the instant action against Anthony T. Anastasio, Anthony's Italian Coffeehouse, Inc., Vernon T. Anastasio, Esquire, Thomas Anastasio and Ann Anastasio for wrongful use of process and fraudulent misrepresentation as a result the Anastasio lawsuit. Thomas Anastasio and Ann Anastasio are Vernon T. Anastasio and Anthony T. Anastasio's parents. Vernon Anastasio, entered his appearance and filed an answer to the complaint for himself as well as the business entity and the other Anastasio defendants. On March 4, 2010, the court granted in part a motion for judgment on the pleadings and dismissed as defendants Thomas and Ann Anastasio. All other aspects of the motion were denied. On August 31, 2010, Morello's motion for summary judgment was denied.

On December 16, 2010, the matter was tried as a non jury matter and each party presented witnesses and evidence. During the trial, Anthony Anastasio testified that he informed his counsel, Vernon Anastasio, that he wanted to discontinue the Anastasio action. Vernon Anastasio never discontinued the action.

## DISCUSSION

The common law cause of action for wrongful use of civil proceedings has been codified at 42 Pa. C. S. A. section 8352 et. seq. The statute is referred to as the "Dragonetti Act." The tort of wrongful use of civil proceedings is

interpreted and applied broadly against those who use legal process as a "tactical weapon to coerce a desired result that is not the legitimate object of the process."[1]

In order to state a claim for malicious use of process, a plaintiff must prove that defendant initiated or continued civil proceedings against the plaintiff:

(a) without probable cause or in a grossly negligent manner;

(b) for an improper purpose; and

(c) that those proceedings were terminated in favor of the plaintiff.[2]

Under the Dragonetti Act, "probable cause" is defined as follows:

A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;

(2) Believes as an attorney of record, in good faith, that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously

---

1. *McGee v. Feege*, 517 Pa. 247, 535 A.2d 1020, 1026 (1987).
2. 42 Pa. C. S. A. § 8351 (a) (1) and (2); *Rosen v. Tesoro Petroleum Corp.* 399 Pa. Super. 226, 582 A.2d 27 (1990).

injure the opposite party.[3]

Pennsylvania courts have defined gross negligence to mean the "want of scant care" or "lack of slight diligence or care, or a conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party", who may typically recover exemplary damages.[4]

At the time the Anastasio action was initiated, Anthony and Vernon Anastasio possessed a reasonable belief that the claim for defamation was valid. Therefore probable cause existed to bring the action.[5] Sometime in 2008 after the Anastasio complaint was filed, Anthony Anastasio informed his counsel Vernon Anastasio that he longer wanted to continue with the action. Based on Anthony Anastasio's testimony, the court finds that he and his business, Anthony's Italian Coffeehouse, Inc., are not liable for wrongful use of civil process for continuing the Anastasio action since he informed his counsel that he wanted to discontinue the action. As such, as it pertains to Anthony Anastasio and his business Anthony's Italian Coffeehouse, Inc., the court finds in favor of Anthony Anastasio and his business Anthony's Italian Coffeehouse, Inc. and against Celeste Morello on the claim for wrongful use of civil process.

The same does not hold true for Vernon Anastasio. Vernon Anastasio continued the Anastasio action against

3. 42 Pa. C. S. A. § 8352.
4. *Hart v. O'Malley*, 781 A.2d 1211, 1218 (Pa. Super. 2001).
5. Trial Exhibits Exhibit D-6- Philadelphia Public Record Article dated 9-18-08; plaintiff's Exhibit "9"; plaintiff's Exhibit "10".

Morello even after his client instructed him to discontinue the action. In a letter dated April 28, 2009, instead of informing the court of his client's discontinuance Vernon Anastasio maintained the facade that his client was continuing to prosecute the action. In the letter, Vernon Anastasio stated as follows:

> This letter is to confirm that I represent Anthony Anastasio in the above matter. The settlement conference on this matter is scheduled on June 11, 2009 at 9:00 a.m.
>
> I would like to point out that I believe the defendant is either (sic) the judicial process. A careful review of the defendant's Answer and Discovery requests should illustrate my point. Further, defendant is now counter suing the plaintiff but points to no specific instance or published material upon which to base her claim. Finally, defendant is acting Pro Se and it is extraordinarily difficult for opposing counsel to engage a Pro Se defendant in the customs and practice of law.
>
> Accordingly, I would also like to inform you that I am willing to withdraw the plaintiff's case against Ms. Morello if she is willing to do the same thing. I respectfully request that the court intervene in this process so that we can reach the best possible solution for both parties.[6]

In that letter, Vernon Anastasio represented that he was prepared to withdraw the Anastasio action if Morello did the

---

6. Exhibit D-16.

same with the counterclaim. There was no proper action to withdraw since the client Anthony Anastasio had already directed that the action be discontinued. No testimony was presented by either Anthony Anastasio or Vernon Anastasio, both of whom testified, that Vernon advised his brother that their affirmative action should continue until the counterclaim could be dismissed. Vernon Anastasio's continued prosecution in contravention of his client's clear instruction to discontinue constitutes a failure of probable cause to continue the action and improper purpose for which liability exists under the Dragonetti Act.

Having found that Vernon Anastasio is liable under the Dragonetti Act, Morello would be entitled to recover damages under 42 Pa. C. S. § 8353. However, Morello failed to prove any damages. Title 42 Pa. C. S. § 8353 provides as follows:

> When the essential elements of an action brought pursuant to this subchapter have been established as provided in section 8351 (relating to wrongful use of civil proceedings), the plaintiff is entitled to recover for the following:

> (1) The harm normally resulting from any arrest or imprisonment, or any dispossession or interference with the advantageous use of his land, chattels or other things, suffered by him during the course of the proceedings.

> (2) The harm to his reputation by any defamatory matter alleged as the basis of the proceedings.

(3) The expense, including any reasonable attorney fees, that he has reasonably incurred in defending himself against the proceedings.

(4) Any specific pecuniary loss that has resulted from the proceedings.

(5) Any emotional distress that is caused by the proceedings.

(6) Punitive damages according to law in appropriate cases.

There was no evidence presented that her reputation was detrimentally harmed. No evidence was presented that Morello's reputation was in any way decreased after the Anastasio action was instituted than before the Anastasio action was instituted. On the contrary, the testimony established that Morello's reputation remained unchanged. There was no evidence of any specific pecuniary harm[7] and emotional distress.[8]

In a claim for Wrongful Use of Civil Proceedings, a plaintiff is also entitled to collect attorneys' fees, "that plaintiff has reasonably incurred in defending himself against the underlying action."[9] A plaintiff may not, however, receive attorneys' fees if the party appeared

---

7. The evidence regarding sale of the cook book authored by Morello "Philadelphia Italian Market Cookbook" and removal from Cannuli's store shelves introduced by Morello fails bear any relationship to the Anastasio action.

8. No evidence was introduced demonstrating any medical treatment received by Morello for any emotional harm suffered because of the Anastasio action.

9. 42 Pa.C.S. §8353(3).

pro se in the underlying litigation.[10] Morello represented herself in the underlying action and therefore no attorney fees are recoverable. The wrongful use of civil process statute also permits the recovery of punitive damages. Any punitive damages award must comport with the requirements of due process. In particular, such punitive damages must bear a reasonable relationship, and must be proportionate, to the compensatory damages awarded.[11] Since no compensatory damages were proven, no punitive damages may be awarded. The court finds in favor of Morello and against Vernon Anastasio on the claim for wrongful use of civil process, however since no evidence of damages was presented no damages are awarded.

Morello also alleges a claim for fraudulent misrepresentation the basis of which is the alleged factual averments contained within the Anastasio complaint. In order to state a claim for fraudulent misrepresentation, a plaintiff must prove: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false (scienter); (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was

10. See *Westmoreland County Indus. Dev. Auth. v. Allegheny County Bd. of Prop. Assessment, Appeals & Review.* 723 A.2d 1084, 1086-1087 (Pa. Commw. 1999) ("an award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of his opponent. During the relevant period of this litigation, [plaintiff] proceeded pro se. We conclude that the statute does not provide authority for an award of a pro se equivalent of counsel fees to a pro se litigant.")

11. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426, 123 S.Ct. 1513, 1524, 155 L.Ed. 2d 585 ("courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered.")

proximately caused by the reliance. Winning an uncontested motion for judgment on the pleadings in the underlying action does not prove fraudulent misrepresentation. It only demonstrates a failure to produce evidence necessary to prove their allegations. Scienter, or the maker's knowledge of the untrue character of his representations, is a key element in finding fraudulent misrepresentation.[12] There has been no proof of any essential elements for fraudulent misrepresentation including the Anastasio's guilty knowledge or knowledge that material facts have been falsely represented or omitted with intent to deceive. On the claim for fraudulent misrepresentation, the court finds in favor of Anthony Anastasio, Anthony's Italian Coffeehouse, Inc. and Vernon Anastasio.

## Finding

The court finds as follows on the claim for wrongful use of civil process:

1. In favor of defendants Anthony Anastasio and Anthony's Italian Coffeehouse, Inc.

2. In favor of Celeste Morello and against Vernon Anastasio, Esquire on the claim for Wrongful Use of Civil Process. No damages are awarded.

On the claim for fraudulent misrepresentation, the court finds in favor of Anthony Anastasio, Anthony's Italian Coffeehouse, Inc. and Vernon Anastasio, Esquire.

12. *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa.*, 7 A.3d 278 (Pa. Super. 2010).