**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4680
_____

JAMES E. SCHWARTZ,
                                        Appellant
v.

ONEWEST BANK, FSB
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-13-cv-00113)
District Judge: Hon. Nitza I. Quinones Alejandro
_____

Submitted Under Third Circuit LAR 34.1(a)
June 4, 2015
_____

Before: FISHER, JORDAN, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: June 5, 2015)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

James Schwartz brought Pennsylvania state law claims against OneWest Bank,

FSB ("OneWest"), based on statements OneWest allegedly made in connection with

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

foreclosure proceedings on Schwartz's property. The District Court dismissed Schwartz's claims, holding that OneWest's statements were protected by Pennsylvania's absolute judicial privilege and that Schwartz's abuse of process claim was inadequately pled. We will affirm.

I

We draw the following facts from Schwartz's First Amended Complaint ("FAC"), accepting them as true in accordance with our standard of review. Schwartz owns two parcels of land in Tinicum Township, Pennsylvania: approximately thirty acres on the north side of Hollow Horn Road (the "North 30 Parcel") and approximately twenty acres on the south side of Hollow Horn Road (the "South 20 Parcel"). Schwartz executed a note and mortgage on the North 30 Parcel in 2007, and OneWest acquired the mortgage by assignment in 2010 (the "Assignment"). OneWest filed a foreclosure action against Schwartz in Pennsylvania state court, asserting that the mortgage "covers both the South 20 Parcel and the North 30 Parcel," and OneWest's counsel "continu[ed] to assert this position" in communications to Schwartz's counsel. App. 31. OneWest sought a default judgment against Schwartz and a "Sheriff Sale" of Schwartz's properties in connection with the foreclosure action, "not recognizing that only the North 30 Parcel is subject to the" mortgage. App. 30. The FAC alleges that OneWest's actions thwarted Schwartz's attempted sale of the parcels to Schmidt Properties, LLC, and of development rights on the properties to Tinicum Township.

2

Based on these facts, Schwartz asserted the following causes of action: quiet title and a "declaratory judgment," seeking a declaration "that the only property subject to the [mortgage] is the North 30 Parcel" (Counts I & II), App. 31-32; slander of title (Count III); violation of the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. § 2270.1 et seq. (Count IV); violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201-1 et seq. (Count V); abuse of process (Count VI); and intentional interference with existing and prospective contractual relations (Counts VII & VIII).

OneWest moved to dismiss the FAC in its entirety for failure to state a claim, and Schwartz cross-moved for summary judgment as to Counts I and II. The District Court entered judgment in favor of Schwartz on Counts I and II, concluding that, as OneWest conceded, the mortgage applied only to the North 30 Parcel, and granted OneWest's motion to dismiss Counts III through VIII. The District Court reasoned with respect to all but the abuse of process claim that Schwartz's causes of action depended on "alleged misrepresentations made during the course of the foreclosure action," including the filing of the foreclosure action itself and the communications between OneWest's counsel and Schwartz's counsel, and that these alleged misrepresentations were not actionable under Pennsylvania's absolute judicial privilege. App. 19. With respect to the abuse of process claim, the District Court reasoned that the FAC failed to state a claim under Pennsylvania law because it merely alleged that OneWest commenced the foreclosure action for an

3

improper purpose, and commencement of an action alone does not provide a basis for an abuse of process claim. Schwartz appeals.[1]

II

A

We first address the District Court's dismissal of all claims but the abuse of process claim on the ground that they depended on communications protected by Pennsylvania's absolute judicial privilege. "The judicial privilege . . . extends to 'communications [(1)] which are issued in the regular course of judicial proceedings and [(2)] which are pertinent and material to the redress or relief sought.'" Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 311 (3d Cir. 2003) (quoting Post v. Mendel, 507 A.2d 351, 355 (Pa. 1986)). This privilege sweeps broadly to protect "[a]ll communications pertinent to any stage of a judicial proceeding," Binder v. Triangle Publ'ns, Inc., 275 A.2d 53, 56 (Pa. 1971), including "not only . . . communications made in open court, but also . . . pleadings and even less formal communications such as preliminary conferences and correspondence between counsel in furtherance of the client's interest," Richmond v. McHale, 35 A.3d 779, 785 (Pa. Super. Ct. 2012) (internal quotation marks and emphasis omitted). Although the judicial privilege most often bars defamation suits, Pennsylvania courts have applied the privilege broadly to confer

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of OneWest's motion to dismiss, accepting the facts alleged in the FAC as true. Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 350 (3d Cir. 2012).

"immunity from civil liability in the context of judicial proceedings." Moses v. McWilliams, 549 A.2d 950, 956-57 (Pa. Super. Ct. 1988).

Here, all of Schwartz's claims arise from the foreclosure action and communications that occurred in connection with that action, namely the foreclosure complaint, the related sale notices posted as a result of the state court judgment in the foreclosure action, see Pa. R. Civ. P. 3129.1, and communications between OneWest's and Schwartz's attorneys that directly pertained to the foreclosure action, see App. 29-30, 33.[2]  These communications reflected counsel's efforts to share their clients' litigation positions regarding OneWest's assertion that the mortgage covered both parcels, and thus were "pertinent and material to the redress or relief sought" in the foreclosure case.  Post, 507 A.2d at 355; see, e.g., Richmond, 35 A.3d at 784, 786 (holding statement "made by one attorney to another during a discussion regarding discovery in a pending case" was privileged, as it "was made in connection with [the attorney's] representation of his client in a judicial proceeding").  Thus, we will affirm the District Court's dismissal of all claims, other than the abuse of process claim, on the ground that the allegedly improper

---

[2] In his brief, Schwartz also contends that statements made in the Assignment, which are unconnected to any judicial proceeding, are not privileged.  Although the Assignment is attached to the FAC, the FAC includes no allegations based upon it and mentions it only once in passing to explain why OneWest may be liable for claims associated with the mortgage.  Thus, the District Court did not err by declining to consider the Assignment as a basis for liability.  Cf. Frederico v. Home Depot, 507 F.3d 188, 201 (3d Cir. 2007) (declining to consider factual allegations in plaintiff's briefs that provided more specificity than her complaint, as "we do not consider after-the-fact allegations in determining the sufficiency of . . . complaint[s]").

communications that form the basis for these claims are protected by the judicial privilege.[3]

B

We next address the District Court's dismissal of the abuse of process claim. Under Pennsylvania law, "abuse of process is the improper use of process after it has been issued." McGee v. Feege, 535 A.2d 1020, 1023 (Pa. 1987) (internal quotation marks omitted). Thus, merely "initiati[ng] . . . litigation for a wrongful purpose" alone is not actionable. Rosen v. Tesoro Petroleum Corp., 582 A.2d 27, 33 (Pa. Super. Ct. 1990) (internal quotation marks omitted) (concluding plaintiffs failed to state a claim for abuse of process where they "merely complain that 'defendant issued and served process on the plaintiffs' for various improper and ulterior purposes" but did not include "any allegation of a coercive use of the process").

Here, Schwartz's abuse of process claim relies entirely on OneWest's filing of the foreclosure action itself, asserting that it was filed for the improper purpose of "attempt[ing] to unlawfully gain ownership of [the] South 20 Parcel." App. 39. An abuse of process claim bars the use of process invoked "to coerce a desired result that is not the legitimate object of the process." McGee, 535 A.2d at 1026. The purpose of the process was to foreclose on the property, an authorized goal of the procedure. Schwartz

---

[3] We need not decide whether the judicial privilege applies to the tort of abuse of process based upon these communications, see Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 312 (3d Cir. 2003), as we will affirm with respect to that claim on a different basis, as discussed in II.B. infra.

6

has not alleged any act "not authorized by" or that perverted the process. Rosen, 582 A.2d at 32 (internal quotation marks omitted); see also Gen. Refractories, 337 F.3d at 304 ("A perversion of legal process occurs when a party uses the process primarily to accomplish a purpose for which the process was not designed." (internal quotation marks omitted)). Thus, even if the foreclosure action was based on incorrect facts, the allegations in the FAC do not demonstrate that the process was pursued to achieve an unauthorized purpose. See Gen. Refractories, 337 F.3d at 304. Thus, Schwartz fails to state a claim for abuse of process.

C

Finally, we address Schwartz's argument that the District Court abused its discretion by failing to offer him leave to amend the FAC, despite the fact that, as Schwartz concedes, he did not request leave to amend before the District Court. In this non-civil rights case, the District Court is not required to sua sponte offer an amendment. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007). Thus, Schwartz's claim that the District Court erred by not allowing him to amend his complaint fails.

III

For the foregoing reasons, we will affirm the judgment of the District Court.