J-A03012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL R. GREENBERG, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARBARA M. BUCKLEY | : | No. 668 MDA 2016 |

Appeal from the Judgment Entered March 28, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s):  2015-2372

BEFORE:   LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED AUGUST 08, 2017**

Appellant, Michael R. Greenberg, M.D., appeals from the March 28, 2016 Order entered in the Centre County Court of Common Pleas, which sustained the Preliminary Objections filed by Barbara M. Buckley ("Appellee") and dismissed Appellant's Complaint with prejudice.  After careful review, we affirm.

This case involves Appellant's claim that Appellee, a physician's assistant who had treated Appellant, made an allegedly false report about Appellant's prescription drug use to an investigator of the Board of Medicine.[1]

_____

[1] The Board of Medicine had initiated an investigation into Appellant's fitness to practice medicine following a report made to the Board by Nadine M. McGraw, a physician's assistant previously employed at Appellant's medical practice.

On June 23, 2015, Appellant filed a Complaint against Appellee alleging three counts: Defamation, Abuse of Process and Intentional Infliction of Emotional Distress.

In his Complaint, Appellant alleged that Appellee informed a Board of Medicine investigator during an on-going Board investigation that (1) she had only written prescriptions for Adderall at Appellant's request; (2) she never performed a physical examination of Appellant; and (3) Appellant was very specific in his requests for the type of drug, dosage, and number of pills to be prescribed to him. Appellant further alleged that personal animus and the intent to damage Appellant's personal and professional reputation motivated Appellee's statement to the Board of Medicine. *See* Appellant's Complaint, 6/23/15, at ¶¶ 35-37, 39, 42.

In response to the Complaint, on October 1, 2015, Appellee filed Preliminary Objections. On December 30, 2015, the trial court sustained Appellee's Preliminary Objections and dismissed Appellant's Complaint. Thereafter, Appellant filed this timely appeal, in which he raised the following four issues for our review:

1.  Whether the trial court erred in holding that the Medical Practice Act, 63 P.S. § 422.4, provides absolute immunity to claims sounding in Defamation and Abuse of Process where the Complaint alleges that Appellee maliciously and intentionally made false reports to a Board of Medicine investigator?

2.  Whether the trial court erred and/or abused its discretion in holding that statements that specifically state or imply illicit drug use are insufficiently "outrageous" to state a claim for Intentional Infliction of Emotional Distress?

3.     Whether the trial court erred and/or abused its discretion in holding that Appellant's allegations that Appellee maliciously initiated an investigation into Appellant's fitness to practice medicine to accomplish a purpose for which the process was not designed is insufficient to state a claim for Abuse of Process?

4.     Whether the trial court erred or abused its discretion in finding that statements that specifically stated and/or implied illicit drug use were incapable of defamatory meaning?

Appellant's Brief at 2-3 (reordered for ease of disposition).

Initially, we set forth our standard of review of a trial court's decision to sustain Preliminary Objections and dismiss a Complaint:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Richmond v. McHale*, 35 A.3d 779, 783 (Pa. Super. 2012) (internal citations omitted).

**Immunity Bars Claims for Defamation and Intentional Infliction of Emotional Distress.**

Appellant's first two issues are related; we, thus, address them together. In his first issue, Appellant claims that the trial court erred when it

- 3 -

concluded that absolute privilege or judicial immunity protected Buckley from liability arising from her statements because she did not make them "in the regular course of judicial proceedings." Appellant's Brief at 10. Appellant also claims that the court erred in holding that the Medical Practice Act, 63 P.S. § 422.4, provides absolute immunity to claims sounding in Defamation and Abuse of Process where the Complaint alleges that Appellee maliciously and intentionally made false reports to a Board of Medicine investigator. *Id.* at 15-16.

In his second issue, Appellant claims the trial court erred in concluding that Appellee's conduct was not sufficiently outrageous to support an Intentional Infliction of Emotional Distress ("IIED") claim. *Id.* at 20.

This Court recently addressed these exact issues involving the instant Appellant and Nadine McGraw, a physician's assistant who worked with Appellant and Appellee. ***Greenberg v. McGraw***, 2017 WL 1788356 *1 (Pa. Super. filed May 5, 2017) ("***Greenberg I***"). In that case, Appellant alleged that because he terminated Ms. McGraw's employment, Ms. McGraw made a report to the Board of Medicine that included statements similar to the statement that Appellee provided to the investigator regarding Appellant's prescription drug use.[2]

_____

[2] The statements giving rise to the instant matter took place within the scope of that ***Greenberg I*** investigation.

- 4 -

In ***Greenberg I***, Appellant alleged that Ms. McGraw made defamatory statements to the Board of Medicine in retaliation for Appellant having terminated her employment. In particular, Appellant claimed that Ms. McGraw told the investigator for the Board of Medicine that Appellant "was addicted to drugs" and had "permitted her to perform medical procedures on patients that were outside her scope of practice." ***Id.*** As a result of Ms. McGraw's allegations, the Board of Medicine investigated Appellant's fitness to practice medicine. ***Id.***

The trial court sustained Ms. McGraw's Preliminary Objections and this Court affirmed, holding that Ms. McGraw had absolute immunity from Appellant's claims for Defamation and IIED for the statements that she made to Board of Medicine because the Board's proceedings "constitute a quasi-judicial proceeding[.]" ***Id.*** at *8, *9.

The instant case presents nearly identical facts. The statements made by Appellee were made only to a Board of Medicine investigator in the context of the Board's investigation. Based on the holding in ***Greenberg I***, in which this Court held that quasi-judicial immunity applies to statements made by witnesses to an investigator a Board of Medicine investigation, we find that the trial court properly sustained the Preliminary Objections in this case to the Defamation and IIED claims.

With respect to Appellant's claim that the trial court erred in holding that the Medical Practice Act provides absolute immunity to claims sounding in Defamation and Abuse of Process, as in ***Greenberg I***, we find this claim

- 5 -

waived. First, we note that, contrary to Appellant's claim, the trial court did not make such a holding, but rather sustained Ms. McGraw's Preliminary Objections on the basis of the common law principle of judicial immunity. Moreover, Appellant failed to develop this claim on appeal. *See Karn v. Quick & Reilly, Inc.*, 912 A.2d 329, 336 (Pa. Super. 2006) ("[A]rguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.") (citation omitted). Thus, Appellant's first two claims on appeal fail.

### Abuse of Process Claim

In his third issue, Appellant claims that the trial court erred in concluding that Appellant failed to plead a legally sufficient Abuse of Process claim. Appellant's Brief at 19. He argues that his allegation—that "Appellee initiated and employed legal proceedings before the Board of Medicine in the course of an ongoing vendetta against [him], which statements were made to state authorities to harass him and to attract attention away from [Buckley's] own tortious conduct[]"—was sufficient to state an Abuse of Process claim. *Id.*

Abuse of process is the use of a legal proceeding to accomplish a purpose for which the proceeding was not designed. "The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure." *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. 1998).

The tort of Abuse of Civil Process, however, focuses solely on the misuse or perversion of the judicial process once it is initiated, not on the wrongful initiation of the judicial process itself. *See Rosen v. Tesoro Petroleum Corp.*, 582 A.2d 27, 32-33 (Pa. Super. 1990) (explaining that a plaintiff has not stated a cause of action for Abuse of Process where the allegations in the Complaint amount only to a charge of initiation of litigation for a wrongful purpose and not the perversion of a properly-initiated litigation).

The facts underlying this matter and the allegations in the Complaint at issue here are virtually indistinguishable from those in *Greenberg I*. This Court in *Greenberg I* held that Appellant could not base his Abuse of Process claim on the "wrongful initiation" of proceedings, but must allege a "perversion of the legal process." *Greenberg I*, 2017 WL 1788356 at *11. Appellant only alleged that Ms. McGraw made false statements to a Board investigator. In other words, he alleged that Ms. McGraw wrongfully initiated judicial proceedings. Since Appellant did not allege that Ms. McGraw "**perverted the legal process after its issuance**[,]" this Court affirmed the dismissal of the claim. *Id.* (emphasis in original).

In the instant case, we agree with the trial court that Appellant's "generic averment that [Appellee] **initiated** an investigation into [Appellant's] fitness to practice medicine to accomplish a purpose for which the process was not designed" without more, is not sufficient to state a claim for Abuse of Process. *See* Trial Ct. Op. at 7 (emphasis added). Moreover,

as in **Greenberg I**, Appellant failed to plead in the instant Complaint that Appellee "perverted the legal process after its issuance." **See Greenberg I** at *11. Thus, we likewise find that Appellant failed to state a claim in his Complaint for Abuse of Process.[3]

**Defamatory Nature of the Statements Made to the Board of Medicine**

In his last issue, Appellant claims that the trial court erred in finding that statements Appellee made concerning alleged illicit drug use were incapable of defamatory meaning. Appellant's Brief at 17. Appellant acknowledges that he did not allege facts confirming that Appellee explicitly told the Board of Medicine investigator that Appellant had a drug problem. **Id.** at 18. Rather, Appellant avers that he is confident that discovery will reveal that, through her statements, Appellee "intended exactly the false misapprehension that [Appellant] had a drug problem." **Id.** at 17.

As we concluded, **supra**, based on the holding in **Greenberg I**, judicial immunity applies to protect Appellee from civil liability arising from

---

[3] Appellant also claims that the trial court erred in concluding that, as a matter of law, in order to state a claim for Abuse of Process, Appellant was **required** to "allege a threat, extortion, blackmail, or other request for a collateral action." **Id.** at 19-20 (emphasis added). Appellant mischaracterizes the trial court's observation that Appellant did not "allege any threat extortion, blackmail, or any other request for collateral action" as requiring that Appellant set forth such an allegation in order to establish a legally sufficient Abuse of Process claim. **See** Trial Ct. Op., 12/30/15, at 7. Rather, Appellant's Abuse of Process claim was insufficient as a matter of law because he failed to allege that Appellee perverted the legal process in some way.

her statements to the Board of Medicine investigator during the course of an on-going Board investigation. Accordingly, we need not reach the merits of this claim.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Lazarus files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017