**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2989
_____

THOMAS ALLEN GIVENS,
Appellant

v.

WAL-MART STORES, INC.
_____

On Appeal from the United States District Court for the
Western District of Pennsylvania

(District Court No. 2-22-cv-01006)

District Judge: Honorable Christy Criswell Wiegand

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 22, 2023

(Filed: October 31, 2023)

Before: RESTREPO, McKEE, RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Plaintiff-Appellant Thomas Allen Givens appeals the order of the District Court granting Wal-Mart Stores, Inc.'s ("Walmart") motion to dismiss Given's malicious prosecution claim brought under Pennsylvania law. Because the District Court concluded that it was clear from the pleadings that Walmart had probable cause, it granted Walmart's motion to dismiss. We agree and will affirm.

I.

On May 13, 2021, Mr. Shonts, a loss prevention officer at the Walmart Supercenter ("store") in West Brownsville, Pennsylvania, reported a theft to the West Brownsville Police Department. Officer Matthew Morelli responded to the report. Officer Morelli spoke with Arram Nelson in the store's parking lot, who confessed to participating in the theft and identified Jacob Wolfe and Givens as the two other participants in the theft. Mr. Shonts also identified Givens, and his and Nelson's identifications of Givens are described in the affidavit of probable cause that accompanied the criminal complaint against Givens.

On May 14, 2021, the West Brownsville Police Department charged Givens with misdemeanor retail theft pursuant to 18 Pa. Cons. Stat. § 3929(a)(1). On May 6, 2022, the charge against Givens was dismissed with prejudice.

On June 9, 2022, Givens sued Walmart in the Court of Common Pleas of Washington County, Pennsylvania, urging that Shonts's identification was incorrect and therefore the criminal proceeding against him was initiated without probable cause. Walmart removed the action to federal court on the basis of diversity jurisdiction and

filed a motion to dismiss for failure to state a claim. Givens filed an Amended Complaint on August 11, 2022, which dropped the original claims and replaced them with a single claim alleging malicious prosecution under Pennsylvania common law. On August 24, 2022, Walmart filed a Rule 12(b)(6) Motion to Dismiss the Amended Complaint, attaching the criminal complaint against Givens and the supporting affidavit of probable cause.

On September 23, 2022, the District Court concluded that probable cause existed and was a complete defense to Givens' malicious prosecution claim. It dismissed the Amended Complaint with prejudice.

Givens timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of a motion to dismiss de novo. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d. Cir. 2010).

In reviewing a motion to dismiss, we accept as true a complaint's factual allegations and view them in the light most favorable to the plaintiff. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231, 233 (3d. Cir. 2008); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). We must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). In the present case, Givens has not raised

any objection to the District Court's consideration of the criminal complaint filed against him, attached to Walmart's motion to dismiss, which includes the affidavit of probable cause.

III.

The prima facie elements of a malicious prosecution claim under Pennsylvania law are "that the defendant instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff." *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017) (*quoting Kelley v. Gen. Teamsters, Chauffers & Helpers, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988) (internal quotation marks omitted). The existence of probable cause is "an absolute defense" to a malicious prosecution claim. *Meiksin v. Howard Hanna Co.*, 590 A.2d 1303, 1305 (Pa. Super. Ct. 1991) (internal quotation marks omitted); *Turano v. Hunt*, 631 A.2d 822, 824 (Pa. Commw. Ct. 1993). "The plaintiff has the burden of proving lack of probable cause and despite the difficulty of establishing a negative, the requirement is rigidly enforced." *Martinez v. E.J. Korvette, Inc.*, 477 F.2d 1014, 1016 (3d Cir. 1973).

The District Court granted Walmart's motion to dismiss because it concluded that Nelson, a third party with no connection to Walmart, identified Givens as the shoplifter and that was sufficient to establish probable cause. *Bernar v. Dunlap*, 39 Leg. Int. 402 (Pa. 1880). We agree. Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2022)

4

(*citing Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  This standard is clearly established when a nonparty witness identifies the plaintiff as having committed the crime in question.  *See, e.g.*, *Campbell v. Yellow Cab Co.*, 137 F.2d 918, 923 (3d Cir. 1943) (applying Pennsylvania law).

On appeal, Givens makes several arguments urging us to reverse.  None are persuasive.

Givens first argument is, broadly, that the District Court did not conduct the appropriate analysis for a motion to dismiss.  We disagree.  Givens urges us to conclude that because he alleges his innocence in the Amended Complaint, the identification from Nelson cannot have provided probable cause.  The affidavit of probable cause is not in "direct conflict" with Givens' allegation that he was, in fact, innocent.  Br. of Appellant 16.  Givens misunderstands the nature of the probable cause inquiry.

In a malicious prosecution action, "[t]he function of the court [is] to determine whether the objective facts available to the officers at the time of arrest were sufficient to justify a reasonable belief that an offense was being committed." *United States v. Glasser*, 750 F.2d 1197, 1206 (3d Cir. 1984) (*citing Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  We believe that here, they were.   Nelson told police that Givens was one of the two other people with him in the store committing retail theft.  That fact is now part of the pleadings, and is sufficient to meet the relatively low bar to establish probable cause as a matter of law, even accepting Plaintiff's factual allegations as true.  The statement

5

from Nelson identifying Givens provided probable cause without regard to whether it was true. The fact that Nelson told this to Officer Morelli is all that is required.[1]

Similarly, Givens argues the "appropriate analysis" the District Court should have undergone was conducted in *Fought v. City of Wilkes-Barre*, 466 F.Supp.3d 477 (M.D. Pa. 2020). There, the court declined to grant a motion to dismiss based on a lack of probable cause when a factual dispute existed that precluded a decision as a matter of law. Here, however, no factual dispute exists, and the District Court accordingly conducted the proper analysis. Indeed, it is well settled that district courts may decide the existence of probable cause as a matter of law and even *Fought* recognizes as much. *Fought*, 466 F.Supp.3d at 506-07; *see, e.g.*, *Simpson v. Montgomery Ward & Co.*, 46 A.2d 674, 676 (Pa. 1946).

Second, Givens argues that the Restatement (Second) of Torts § 665(1) contradicts the District Court's finding of probable cause because the loss prevention officer failed to appear as a witness in the criminal case against him, essentially abandoning the case. But the Restatement addresses the situation where a private party is acting as prosecutor. Here, the prosecution of Givens was pursued and maintained by the public prosecutor, and not Walmart. The loss prevention officer's failure to appear has no bearing on the existence of probable cause here.

---

[1] Givens also suggests that the District Court should not have considered Nelson's identification because it was hearsay. While probable cause may be founded upon hearsay, *Franks v. Delaware*, 438 U.S. 154, 165 (1978), the existence of probable cause does not depend on the truth of the matter asserted by Nelson. That Nelson made the identification and Officer Morelli accepted it is sufficient.

Finally, Givens argues that the District Court failed to draw the reasonable inference that evidence from Walmart was necessary to establish probable cause. The District Court concluded that, even accepting as true Givens' allegations that Mr. Shonts's identification was incorrect, Officer Morelli had independent probable cause based on Nelson's statements. As the District Court aptly explained, "[A] single identification that an arresting officer accepts in good faith is sufficient to establish probable cause." *Givens v. Wal-Mart Stores*, *Inc.*, No. 2:22-CV-1006-CCW, 2022 WL 4448947 at *3 (W.D. Pa. Sept. 23, 2022). We agree. *Bernar v. Dunlap*, 39 Leg. Int. 402 (Pa. 1880) (concluding that the statement of one witness may establish probable cause); *Campbell v. Yellow Cab Co.*, 137 F.2d 918, 923 (3d Cir. 1943) (applying Pennsylvania law).

At bottom, despite Givens' arguments to the contrary, we conclude, as the District Court concluded, that there was probable cause for the criminal complaint and the District Court properly granted Walmart's motion to dismiss.

IV.

For these reasons, we will affirm the District Court's order.